[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12467

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER DOZIER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00084-MMH-LLL-1

————————————————

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Christopher Dozier appeals his 224-month total sentence imposed following his convictions for two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a) & (b), and one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). On appeal, Dozier argues that the district court committed procedural error at sentencing by incorrectly applying the Sentencing Guidelines. The government, in turn, moves to dismiss Dozier's appeal, arguing that he knowingly and voluntarily waived his right to appeal.

We review the validity and scope of an appeal waiver *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-

53)).  "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).  "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Dozier pleaded guilty to three of the four counts he was charged with and entered into a written plea agreement with the government.  That agreement contained, under a section titled "<u>Defendant's Waiver of Right to Appeal the Sentence</u>," an appeal waiver provision which stated:

> The defendant agrees that this [c]ourt has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the [c]ourt erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the [c]ourt</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence

> imposed . . . then the defendant is released from his
> waiver and may appeal . . . .

(emphasis in original).  Dozier signed the agreement and put his initials on each page.

During his plea colloquy, Dozier confirmed that he understood his plea agreement and was not under the influence of drugs, alcohol, or medication that might impair his ability to understand it.  The magistrate judge also explained the appeal waiver provision of the agreement to Dozier and confirmed with Dozier that he understood.  As part of this conversation, the magistrate judge listed the terms and exceptions of the appeal waiver and confirmed that Dozier understood the rights he was giving up by entering into the agreement.  Dozier stated that he did not have any questions about it and he testified, under oath, that he had entered into the waiver freely and voluntarily.  We generally assume those statements are true.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during [a plea] colloquy are true.").  The magistrate judge recommended that the district court accept Dozier's guilty plea and, subsequently, the district court did so.

Under these circumstances, we are satisfied that "the district court specifically questioned [Dozier] concerning the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to [Dozier] that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (quoting *Bushert*, 997 F.2d at 1352-53).

24-12467                Opinion of the Court                5

Dozier's arguments on appeal fall within the scope of that waiver and do not fall into any of the exceptions. Indeed, Dozier's arguments—that the district court incorrectly applied the Sentencing Guidelines—are expressly covered by the text of the waiver, which states that the waiver bars challenges to the sentence "including the ground that the [c]ourt erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." Further, no exception applies, as Dozier does not argue that his sentence exceeds the applicable guidelines range as determined by the court at sentencing; that his sentence exceeds the statutory maximum; nor that his sentence violates the Eighth Amendment. Moreover, the government has not appealed. Accordingly, Dozier's appeal waiver bars his appeal.

In the alternative, Dozier argues that we should not hold him to his appeal waiver in the interest of justice.[1] However, no extraordinary circumstances exist to support Dozier's request that we not enforce his appeal waiver.[2]

_____

[1] Dozier also asks us to hold his appeal in abeyance pending the outcome of a petition for rehearing *en banc* in another appeal addressing the Sentencing Guidelines challenge he raises on appeal. We deny that request. We note that the pending petition for rehearing *en banc* that he references does not raise an issue relating to the enforceability of appeal waivers in this context.

[2] We have discussed the possibility of a miscarriage of justice exception to appeal waivers, but have not, to date, applied such an exception. *See Bushert*, 997 F.2d at 1350 n.18; *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999); *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023). As these prior panels have done, we assume without

In sum, we conclude that Dozier knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver. Accordingly, we **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

---

deciding the availability of such an exception and find that it would be unwarranted on these facts.